FILED
JAMES BOHMI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO     05 JUL 19 PM 2:59
WESTERN DIVISION

| | | |
|---|---|---|
| **PARAMOUNT PARKS INC.,** | : | **CASE NO. C-1-00 1043** |
| Plaintiff, | : | (Judge Dlott) |
| vs. | : | **PLAINTIFF'S MOTION TO LIQUIDATE JUDGMENT AGAINST RCCO** |
| **ROLLER COASTER COMPANY OF OHIO, LLC, et al.,** | : | |
| Defendants. | : | **AFFIDAVITS OF JEFF GRAMKE AND HARRY J. FINKE IV ATTACHED** |

Pursuant to this Court's April 26, 2002 entry, Plaintiff Paramount Parks Inc. ("Paramount") was awarded a default judgment against Defendant Roller Coaster Company of Ohio, LLC ("RCCO") on Paramount's claims against RCCO.

No claims between RCCO and any of the other parties to this action remain before this Court and this default judgment is ripe for liquidation. RCCO and its former counsel have advised the parties and counsel throughout this litigation that RCCO is judgment-proof as it has no assets to satisfy any judgment. Nevertheless, pursuant to this Court's request, Paramount moves for liquidation of its judgment against RCCO so the Court can close out this case.

This motion is supported by the affidavit of Jeff Gramke, attached hereto. The affidavit establishes that in December 1998, Paramount and RCCO executed an Equipment Purchase Agreement, whereby RCCO agreed, inter alia, to provide engineering services and materials, including the wooden structural components, for the construction of Paramount's Son of Beast Roller Coaster ("Son of Beast"). (See Affidavit of Jeff Gramke). RCCO subsequently subcontracted with Universal Forest Products to provide the wooden structural components for the ride. (Id.). On April 29, 2000, more than two months behind schedule, the Son of Beast was opened to the public.

Subsequent thereto, parts of the wooden support structure suffered physical injury and damage. This forced Paramount to shut down the ride for extended periods of time and to incur significant expense for engineering services to determine how to correct the problems with the wooden support structure. (Id.).

Paramount incurred significant damages, including but not necessarily limited to the following:

(A) Paramount incurred damages in an amount not less than $2,427,649 to investigate, evaluate and repair the physical damage to and the physical damage caused by the wooden support structure of the Son of Beast. (See Gramke Affidavit)

(B) Because of the conduct of RCCO, the opening of the Son of Beast was delayed and the ride was shut down for extended periods of time. As a result of these events, all of which were caused by the conduct of RCCO, disparaging statements were made and published about Paramount, Kings Island and the Son of Beast. The resulting damages to Paramount include (i) lost profits totaling not less than $3,220,709, and (ii) damages in the form of marketing expenditures in an amount not less than $7,050,000. (See Gramke Affidavit)

(C) Under the Agreement, RCCO was required to supply the lumber necessary to complete the ride structure. RCCO originally estimated the amount of lumber necessary to construct the ride structure at 1.8 million board feet. In fact, the ride structure required 2.5 million board feet of lumber, which Paramount was required to purchase at additional cost not included in the original price. The additional expenses to Paramount in labor and equipment rental to finish the project with this increased scope was not less than $2,644,399. (See Gramke Affidavit)

(D) Also, extra reinforcement was required for the ride structure in areas where "final" piering had already been installed. Paramount incurred additional expenses related to the modification of existing foundations and the construction and installation of additional foundations in the amount of $93,146. (See Gramke Affidavit)

As a direct and proximate result of the conduct of RCCO, Paramount incurred the foregoing damages, which subtotal not less than $15,435,903.

(E) Additionally, Paramount incurred damages in the amount of $4,108,033 as a direct and proximate result of RCCO's failure to provide certain labor and materials required by RCCO's contract with Paramount. (See Gramke Affidavit)

Thus, Paramount incurred total damages, minus miscellaneous credits and other downward adjustments, but not yet inclusive of interest, in the total amount of not less than $19,543,936.

In its Complaint, Paramount asserted a claim for breach of contract and it requested, and is entitled to, prejudgment interest at the statutory rate of 10%. Paramount incurred all of its damages on or before December 31, 2001. Calculating the interest from January 1, 2002 through March 31, 2005, the total prejudgment interest on the breach of contract claim to which Paramount is entitled is not less than $1,335,110.

Accordingly, Paramount respectfully requests that this Court grant its motion and enter judgment in its favor in the amount of $20,879,046, plus post judgment interest at the statutory rate.

3

Respectfully submitted,

*/s/ Harry J. Finke IV*

Harry J. Finke IV (0018160)
Kent Wellington (0055540)
William G. Geisen (admitted pro hac vice)
*Counsel for Plaintiff Paramount Parks Inc.*
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
P.O. Box 6464
Cincinnati, Ohio 45201
(513) 621-6464

OF COUNSEL:
Graydon Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
P.O. Box 6464
Cincinnati, Ohio 45201
(513) 621-6464
kwellington@graydon.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing was served by regular mail, postage prepaid upon the Ohio Secretary of State in accordance with Ohio Revised Code 1701.(H) on this 19th day of July, 2005.

*/s/ Harry J. Finke IV*
*Harry J. Finke IV*

4