UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PARAMOUNT PARKS INC.,** | : | **CASE NO. C-1-00 1043** |
| Plaintiff, | : | (Judge Dlott) |
| vs. | : | **AFFIDAVIT OF JEFF GRAMKE** |
| **ROLLER COASTER COMPANY OF OHIO, LLC, et al.,** | : | |
| **Defendants.** | : | |

Affiant, after being duly cautioned and sworn, states as follows:

1.   My name is Jeff Gramke. I make this affidavit on the basis of my personal knowledge and on the basis of my review of records maintained in the course of the regularly conducted business activity of Paramount's Kings Island ("PKI").

2.   At all times relevant hereto, I have been employed at PKI.

3.   I participated in the negotiation of the Equipment Purchase Agreement ("the Agreement") between Paramount Parks Inc. ("Paramount") and Roller Coaster Company of Ohio, LLC ("RCCO"), which the parties executed in December, 1998. The Agreement required RCCO to provide services and materials, including the wooden structural components, in connection with the construction of the Son of Beast Roller Coaster at Paramount.

4.   RCCO failed to complete the Son of Beast on schedule. The ride was supposed to be completed by February 10, 2000. The ride wound up behind schedule by at least 2½ months. The additional charge for material and labor necessitated by RCCO's failure to deliver the Son of Beast on schedule totals $2,728,035.

5.   In the course of completing the ride structure, RCCO failed and/or refused to provide lumber and hardware called for under the Agreement. RCCO's failure to provide that material

stopped production on the ride. In order to complete production Paramount purchased the necessary materials. These charges totaled $578,371.

6. Pursuant to the Agreement, RCCO was obligated to supply certain components, including the "transfer track" and its structure. RCCO failed to do so. This failure required Paramount to purchase the necessary materials. The cost for the materials was $104,765.

7. Because Paramount needed to purchase these materials that should have been provided by RCCO, it was required to incur storage costs for those materials. This cost totaled $165,319.

8. Due to the lack of response from RCCO, Paramount incurred design and engineering fees which were the responsibility of RCCO. RCCO failed to cause the design for such items as the ride foundation, the loading station, the motor house, the helix control building, and the electrical design to be provided. The contract called for RCCO and/or its subcontractor to provide all of this engineering work. The cost for this engineering service was $205,660.

9. The Agreement also provided for RCCO, through its subcontractor, to provide a finite element analysis. This was not provided, and Paramount was required to have the work done by a subcontractor. This analysis cost $40,000.

10. The Agreement required RCCO to supply all structural bridges necessary for the operation of the ride, as shown on the initial plans. Due to RCCO's delays and failure to provide these bridges, Paramount was forced to pay RCCO's contractor, George Welding, directly in order to secure steel to build the station. The cost of these materials was $272,144.

11. Under the contract, RCCO was required to supply a transfer table drive mechanism. It failed to do so, requiring Paramount to obtain the part itself. This part cost $13,739.

12. The total of the foregoing items in paragraphs 4 through 11 is $4,108,033.

2

13. Under the Agreement, RCCO was required to supply the lumber necessary to complete the ride structure. RCCO originally estimated the amount of lumber necessary to construct the ride structure at 1.8 million board feet. In fact, the ride structure required 2.5 million board feet of lumber, which Paramount was required to purchase at additional cost not included in the original price. The additional expenses to Paramount in labor and equipment rental to finish the project with this increased scope was not less than $2,644,399.

14. Also, extra reinforcement was required for the ride structure in areas where "final" piering had already been installed. Paramount incurred additional expenses related to the modification of existing foundations and the construction and installation of additional foundations in the amount of $93,146.

15. April 29, 2000, more than two months behind schedule, the Son of Beast was opened to the public. Subsequent thereto, parts of the wooden support structure suffered physical injury and damage. This forced Paramount to shut down the ride for extended periods of time and to incur significant expense for engineering services to determine how to correct the problems with the wooden support structure.

16. Paramount incurred damages in the amount of not less than $2,427,649 to investigate, evaluate and repair the physical damage to and the physical damage caused by the wooden support structure of the Son of Beast.

17. Because of the conduct of RCCO, the opening of the Son of Beast was delayed and the ride was shut down for extended periods of time. As a result of these events, all of which were caused by the conduct of RCCO, disparaging statements were made and published about Paramount, PKI and the Son of Beast. The resulting damages to Paramount include (i) lost profits totaling not

less than $3,220,709, and (ii) damages in the form of marketing expenditures in the amount of not less than $7,050,000.

18.   Paramount incurred all of the aforementioned expenses no later than December 31, 2001.

FURTHER AFFIANT SAYETH NAUGHT.

STATE OF OHIO   )
                ) ss:
COUNTY OF WARREN )

The foregoing instrument was acknowledged before me this 7th day of July, 2005, by Notary Public.

_____
Notary Public

SARAH J. BOONE
NOTARY PUBLIC
IN AND FOR THE STATE OF OHIO
MY COMMISSION EXPIRES
DECEMBER 3, 2007

4

705777.1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **PARAMOUNT PARKS, INC.,** | : | **CASE NO.   C-1-00-1043** |
| **Plaintiff,** | : | **Judge Dlott** |
| vs. | : | |
| | : | **AFFIDAVIT OF HARRY J. FINKE IV** |
| **ROLLER COASTER COMPANY OF** | : | **IN SUPPORT OF PLAINTIFF'S** |
| **OHIO, LLC, et al,** | : | **MOTION TO LIQUIDATE JUDGMENT** |
| | : | **AGAINST RCCO** |
| **Defendants.** | : | |

Now comes Harry J. Finke IV, the Affiant herein, after being duly sworn and cautioned states as follows:

1. I am an Attorney at Graydon Head & Ritchey LLP, retained as counsel for Plaintiff, Paramount Parks, Inc.

2. On April 26, 2002, Plaintiff, Paramount Parks, Inc. was granted a default judgment in this case against Defendant, Roller Coaster Company of Ohio, LLC. ("RCCO").

3. According to Ohio Revised Code §1701.07(H)(3), every corporation shall have and maintain an agent upon whom any process, notice, or demand required or permitted by statute to be served upon a corporation may be served.

4. On May 23, 2005, a public information search on the Ohio Secretary of State's website revealed the Agent Name for Roller Coaster Company of Ohio, LLC to be CT Corporation System, located at 1300 E. 9th Street, Cleveland, OH 44114.

5. On May 23, 2005, a public information search revealed that the status of the Agent for Roller Coaster Company of Ohio, LLC was listed as inactive with a resignation date of December 1, 2003.

6. No current agent is listed for Roller Coaster Company of Ohio, LLC on the Ohio Secretary of State website.

5. According to Ohio Revised Code §1701.07(H)(3), "If...the corporation has failed to maintain an agent as required by this section, and if in any such case the party desiring that the process, notice, or demand be served, or the agent or representative of the party, shall have filed with the secretary of state an affidavit stating that one of the foregoing conditions exists and stating the most recent address of the corporation that the party after diligent search has been able to ascertain, then service of process, notice, or demand upon the secretary of state, as the agent of the corporation, may be initiated by delivering to the secretary of state or at the secretary of state's office quadruplicate copies of such process, notice, or demand and by paying to the secretary of state a fee of five dollars."

6. Roller Coaster Company of Ohio, LLC's last known address is 5437 Spalding Drive, Norcross, GA 30092.

7. Plaintiff will serve a copy of its motion to liquidate judgment against RCCO upon the Secretary of State pursuant to Ohio Revised Code §1701.07(H)(3).

Affiant knows of his own knowledge that the information set forth is true and correct.

Further Affiant saith naught.

_____
Harry J. Finke IV

Sworn to and subscribed to before me, a Notary Public, this 15th day of July, 2005.

_____
Notary Public

ANN K. SCHOOLEY
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C

2